## Case No. 6,874.

### HUMPHRY v. HARTFORD FIRE INS. CO.

[15 Blatchf. 35.] [1]

Circuit Court, N. D. New York.    July 2, 1878.

INSURANCE—CONTRACT TO ISSUE POLICY — DAMAGES — CHANGE IN TITLE OF PROPERTY— DEED AS EVIDENCE.

1. A complaint setting up a contract to insure against fire, and to issue a policy in accordance with such contract, and alleging a breach of such contract, and claiming damages for such breach, sets up a legal cause of action; and the plaintiff can recover thereon, at law, the same damages as if he were suing on a policy issued in the form in which it was agreed to be issued.

2. A policy of insurance against fire provided, that, if there should be any change in the title or possession of the property without the consent of the insurer, endorsed on the policy, the policy should be void. In a suit on the policy, the insurer, to sustain such defence, offered in evidence a deed from the insured, covering the property. The deed was acknowledged on the day of its date, but there was no evidence that it had been recorded, nor any evidence of any delivery of the deed or of any possession under it: Held, that it could not be read in evidence.

[This was an action by Walter H. Humphry against the Hartford Fire Insurance Company for damages for breach of contract. At trial, a verdict was rendered for the defendant, and the case is now heard on a motion for a new trial.]

A. M. Bingham, for plaintiff.
William F. Cogswell, for defendants.

BLATCHFORD, Circuit Judge. At the trial, the defendant's counsel asked the court to rule and decide that the plaintiff could not give evidence to sustain the first cause of action stated in the complaint, upon the ground that the same was an equitable cause of action, and could not be brought on the law side of the court; that the same could not be united with the second cause of action; and that it could not be tried before a jury. The court so ruled and decided. The plaintiff then offered testimony to prove such first cause of action. The defendant objected to the allowance of any evidence to prove such first cause of action, for the reasons above stated, and the court sustained the objection, to which decision the plaintiff excepted.

The first count of the complaint sets forth, in substance, that the plaintiff was the owner of a certain mortgage on a mill, for $1,-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

000, and was personally liable to pay two other mortgage liens on the same property, held by other parties, amounting in all to over $4,000; that the defendants agreed with him to issue to him ·a policy of insurance against loss by fire, on the mill, to the amount of $1,500, for one year, both on account of his said mortgage lien and of his said personal liability; that, in part fulfilment of said agreement, the defendants issued a policy insuring William M. Calvert for. $1,500, for one year, against loss by fire, on the mill, loss payable to the plaintiff, as mortgagee of the premises; that such policy was not delivered to the plaintiff, but was held by the agents of the defendants, in trust for the plaintiff, till after the insured property was totally destroyed by fire; that due notice and proof of loss were given by the plaintiff to the defendants; that the policy so issued was not in accordance with the agreement of the parties, in that it did not insure the plaintiff against loss on account of his interest, both as a mortgagee of the premises, and on account of his personal liability for the payment of other mortgages which were a lien on the premises, and were owned by other parties; that the plaintiff had no knowledge, until after the fire, that the policy did not conform to the terms of the agreement so made; and that, by reason of the failure of the defendants to fulfil said contract, the plaintiff has sustained damages in the sum of $1,500, with interest.

The second count is founded on the policy as issued, and alleges that the plaintiff had an interest in the property insured, as a mortgagee thereof, and also on account of mortgages held by third parties thereon, for the payment of which the plaintiff was personally liable, to more than $4,000, and claims judgment for $1,500, and interest.

The first count sets up, I think, a legal cause of action. It claims damages for the breach of the alleged contract to insure. If a valid contract, in the form set up, is proved, the plaintiff can recover, at law, the same damages as if he were suing on a policy issued in the form in which it was agreed to be issued. Pratt v. Hudson River R. Co., 21 N. Y. 305; Tayloe v. Merchants' Fire Ins. Co., 9 How. [50 U. S.] 390, 405; Commercial Mut. Marine Ins. Co. v. Union Mut. Ins. Co., 19 How. [60 U. S.] 318, 323.

In respect to the count on the policy as issued, the answer sets up, as a defence, that the policy provided, that, if there should be any change in the title or possession of the property, without the consent of the defendants, endorsed on the policy, the policy should be void; that a change in the title of the property took place, in that Calvert conveyed it, by deed, to one Reynolds; that such change was made without the consent of the defendants endorsed on the policy; and that thereby the policy became void. To sustain this defence the defendants offered in evidence a deed from Calvert to Reynolds, covering the premises. The plaintiff objected that there was no evidence of delivery or possession under the deed. The court overruled the objection, and the plaintiff excepted. The deed was received in evidence, and a verdict was directed for the defendants, to which direction the plaintiff excepted. The deed was acknowledged on the day it bore date, but there was no evidence that it had been recorded.

The question on the policy was, whether a change of title or possession had taken place. Proof of the execution of the deed, without delivery of it, was not sufficient. It not having been recorded, there was no presumption it had been delivered, and nothing appeared as to delivery, except execution and acknowledgment. Fisher v. Hall, 41 N. Y. 416, 423; Younge v. Guilbeau, 3 Wall. [70 U. S.] 636, 641. An instrument is not a conveyance within the meaning of 1 Rev. St. N. Y. p. 756, § 16, so as to entitle it to be read in evidence, when acknowledged and certified as prescribed, unless it has been delivered, so as to take effect as a grant, vesting the estate or interest intended to be conveyed, as prescribed by Id. p. 738, § 138.

For the foregoing reasons, there must be a new trial, the costs to abide the event.

[The case was submitted for a new trial to the court for a decision upon the law and the evidence, both parties waiving a trial by jury, and the court rendered judgment for the plaintiff. Case No. 6,875.]